looks like we are all right good morning your honors um i will endeavor to reserve some time at the end for rebuttal but we'll see how things go okay uh your honors we're here for two issues but i think there's clearly one that takes primacy in this appeal and that is the question of the rule 29 motion for the judgment of acquittal on count one the conviction under title 18 united states code section 1591 that statute requires proof that the defendant knows the minor victim will be caused to engage in a commercial sex act and that particular element of that statute really appears to be what distinguishes it from online enticement of a minor under section 24 22b it doesn't just simply mean that the defendant has a plan to accomplish that doesn't necessarily mean that some uh intervening act uh might prevent this from happening it's a it's it's uh that uh he has a plan to do this certainly no sex act actually has to occur correct the judge you're absolutely right the act doesn't have to occur you have to very clearly show the the plan and the intent that the defendant knows this would come about but for some intervening cause similar in that respect to a conspiracy correct very similar so why was this infirm here why why wasn't that shown so i think the distinction here is perhaps very subtle but when you break it down may be easy to see the communications between mr mendoca and the minor victim spanned a period of time approximately two weeks if my memory serves correctly the very first communications very first hours they have very explicit very troubling conversations about sex trafficking and those conversations in a vacuum very clearly appear to be on the road to a 1529 basis to his intent and plan and then there's no further communications about trafficking at any point between him and the minor victim they continue to have very sexually explicit and graphic conversations and have conversations about him coming to spokane by all appearances to intend to have a sexual relationship with her ticket to go to spokane and that my next point so the conversations focus on their relationship not on trafficking and then he buys a ticket to go to spokane in approximately 45 to 60 days from that period when you say it doesn't focus on trafficking i didn't read the record that way it seemed to me this is a pretty condensed period of time if anything it it wasn't months and months and months it was a couple of weeks and as you said immediately explicit and very very disturbing and part of the plan i think is that she she recognized and i think requested or certainly agreed to uh that he would come to her home that she would be kidnapped um and so on and so forth wasn't that and and i think he explained how he would he needed these photos and this information to market her and so on and so forth correct so i think isn't that part of the well i think the timeline maybe makes a little more clear why the substantial step that he said it's conceded the buying of the airplane ticket was a substantial step for his enticement offense to come and have sex with her i think the question before this court is was it also a substantial step towards the trafficking because and my question is why wouldn't have been given that what they envisioned which is he was going to i guess kidnap her and take her someplace and for other customers so i think our distinction is had he had those conversations bought the plane ticket the same night or the next day and law enforcement arrests him the next day that's a much more truncated time period where you can clearly link the buying of the plane ticket to the conversations about trafficking here those conversations about trafficking happen on january 6th on january 9th they first bring up the concept of him visiting and hiding in her home and during that conversation no mention of sex trafficking or anything they discussed on the 6th on the 10th he talks about getting a plane ticket to come to washington to visit her again no talk of trafficking in that conversation on the 13th he actually buys the plane ticket to spokane and if i remember correctly the same day changes his social media i think it was the sole app profile to say that he's in a relationship with this minor victim so i understand you correctly you're saying a jury could view this as saying he was just implementing his plan for his own relationship with her not the trafficking plan but i don't but on the standard of review that we're dealing with here couldn't the couldn't a reasonable jury also infer that it was a step towards both plans i think given the particular facts and circumstances and looking at the case law in 1591 which in fairness is complicated because the statute is complicated i think my answer is no i think our position you know frankly if that was my position i have no argument because it doesn't sound like you're saying there was an affirmative statement like we're canceling that plan or i'm only coming right so it's just silence right and then there's why wouldn't it you know under these facts you know we're drawing all the inferences in favor of the prosecution and yeah that why couldn't a jury hearing that argument say well we just disagree so i think i think my answer is this the united states has argued and certainly there's case law support in some instances in 1591 prosecutions words alone can be enough you can be explicit enough in your conversation to tell that the defendant has a plan and then that plan arises to this will result in sex trafficking here i don't believe the words when you take them in their entire context do that if you know again if he been arrested immediately after the sex trafficking conversation it's a different factual analysis here it appears much i come back to my analogy to conspiracy so correct in a conspiracy once formed it's presumed to continue unless there is a clear withdrawal so here even viewing it way you're viewing it which is not necessarily the in accordance with the standard where we have to view it most favorably the government uh but even viewing it your way he didn't do anything that indicated a withdrawal from that original plan i think that's correct but our our other distinction on the facts in this case is here we have truly just words he does ask the victim for the photos and the videos and the information does not take there's no evidence in this case of him taking any step to use that information to advertise her to solicit clients to further his plan to come up from arizona to spokane doesn't have a driver's license or a car to get you know to the airport in arizona from spokane to her house approximately an hour away from the airport and go through all these plans and again didn't take any affirmative steps to act on the information she gave him it certainly seems like based on the profile the victim put out that initiated his conversations with her in the first place he was engaging in fantasy talk with respect to the sex trafficking and very clearly had actual intent to come up and have a sexual relationship with her that's why this conversation happens at the outset very first conversation and then is dropped and it's not mentioned again and i don't think here we have to show the standard in the 1591 case law is certainly not that we have to show affirmative withdrawal i agree i was just using an analogy i appreciate that's a problem for you i think because you know i'm looking at hornbuckle right did he have a plan for her to be caused to be engaged in prostitution in the future and i think what you're conceding is if they'd arrested him right away after the initial very disturbing um messages that he had a plan i think if you arrested him but you're not so sure forgive me but you're not so sure that he had one two weeks later is that does that what it boils down to so i'm not sure that he had one ever i i think frankly my opinion of the facts which doesn't matter it doesn't control you my opinion of the facts is it was fantasy talk but that would be difficult to bear out correct from the beginning it appears to be fantasy if you lose that because speaking for one of the three members on the bench i'm finding that a really tough sale given the very disturbing nature of this correct saying you know i need your photos i'm gonna take you refers to customers and so on so forth so if i don't if i don't uh i mean you've got six minutes left maybe i'll change my mind but it seems to me a really tough sell so if he had a a plan at the outset i just want to make sure that i'm not missing something here so i think your thought that two weeks later they'd have to show he still had that plan in some yes i think that is absolutely what the government has to prove is at the time they arrest him that that plan was still his intent they have to show that sorry have we ever said that i think the court has held clear that the defense that the united states must show beyond a reason but that they had that intent and i think the the problem hits here and why this distinction you know about it not happening the same day he made the communications a couple weeks later you then have factual evidence from their communications that undermines the conclusion that he had that intent at the outset facebook posting where he says he's in a relationship that's all of their communications after january six what else is it that really indicates a change of plan all of the communications after the sixth exclusively talk about him coming to her house staying at her house not going to any other location so no drop-offs with other customers anything like that and having a sexual relationship with her all of the communications about the potential trafficking are limited to the sixth and so the factual record we have shows that that was not his true intent at the time i agree if the court concludes he had that clear intent and never affirmably drew i think it's very difficult for this court to reverse that conclusion and find say he didn't have the intent you think he has to have the intent at the time of the arrest no i i think that he has to have the intent the government has to prove the intent the intent at the time of the arrest is irrelevant unless he had the intent and then affirmatively withdrew that intent that would be distinguishing but he had i think i did misunderstand your argument i don't now you're telling me i think if i understand correctly that you did not concede that at the outset he formed a plan i thought i heard you say if they'd arrested him right away no no i apologize so what i'm trying to argue is it would be much more difficult to argue his intent at that time because you don't have the two to three weeks of communications that follow no i i believe he did not have the intent and i believe the subsequent conduct bears that out it would be much more difficult to prove if you arrest him immediately after that first conversation your argument is the delay and the fact that the trafficking conversation was limited to that one day combined with delay negates the inference that he had the actual intent absolutely and that that's the only reasonable conclusion a jury could draw yes correct i apologize for my probably poor argument and making that point clear but yes that that is essentially the point i appreciate your patience and clarification no worries your honor um your honors i think if you look at the cases that are cited frankly in both parties the reefs uh todd low brooks love davis about what's sufficient for a 1591 conviction i think it then becomes clear why here despite the incredibly graphic incredibly disturbing conversations that to be clear make him guilty of the other things he was convicted of this is not a case where we're asking the court to find he committed no crime and did no wrong and deserves no punishment i think that's an important clarification but is he guilty of sex trafficking where he made no advertisements of the victim did not act on the photos videos information that he sent her never solicited a single potential client to traffic her and as best we can tell never even looked into it beyond his conversation with her did not get a rental car hotel anything else to accommodate of course part of that is explainable by the fact that he was arrested so soon i mean you're looking at the time frame is helpful to you but in some ways uh the because it was truncated he didn't have the opportunity to carry out the plan he had enunciated uh two weeks earlier i think the inverse to that argument though is he certainly had plenty of time to take any of those steps and did not he had the time to book a plane ticket and did had more than enough time to do any of those actions that would have showed his talk about sex trafficking her was real and did not so i i appreciate the judge's argument i think it can be viewed that way but it can also be viewed the other way he had more than enough time to take any but i come back to the standard review which is if they're competing inferences we take reasonable inferences we have to take the one most favorable to the government correct motions for rule 29 have to be viewed in the light most favorable the government so it is unfortunately a difficult standard um i think that ultimately again looking at the evidence here and you know the government asked in their brief how far is law enforcement supposed to go for these cases and i think that's ultimately a red herring here the question is not how far is law enforcement supposed to let them go obviously we're not arguing they had to let him get on the plane get to spokane get in her house before they could convict him but at the time they arrest him given the information that they have the two to three weeks of subsequent conversations that appear to negate the idea that this was that that part of the crime was real what crime can they prove can they prove 1591 beyond a reasonable doubt and again i concede buying the plane ticket was clearly a substantial step for enticement but i don't believe it's a substantial step for the trafficking offense independently because he again did not actually end up traveling to spokane did not make rental car or hotel reservations to get there had no plan for getting from the airport to her house no plan to get her family out of the home um you know he talked about trying to hide from the family and from the dog and again very disturbing plans that you know make him guilty of enticement did not advertise her did not solicit potential clients and never spoke with her about trafficking her after january 6 i think that is really the key factor to show that that was not his true intent his true intent was to come up and have sex with the minor victim his intent was not to traffic her unless the court has other questions to address right now i reserve the remaining 30 seconds that's fine when you come back just time we'll put a minute on the clock for you so you'll have a chance to thank you your honors we'll hear from the government uh good morning your honors uh david herzog on behalf of the united states may it please the court um i think what council is talking about there in terms of timing is unsupported by the jury's verdict you don't order an uber two months out you don't necessarily get a hotel room two out in order for the defendant to effectuate the plan the only thing he had to do right away was get himself to spokane because he can't traffic her in spokane unless he's there so the argument that his intent at his on at his arrest i think just christian is correct that is not relevant if you rob a bank and then you walk by two other banks it doesn't negate your intent on robbing the first bank and here the fact that he after initially clearly articulating his knowledge of a trafficking plan the fact that he then transitioned to other grooming conduct consistent with his own sex with the child does not negate his original awareness of the plan and judge rake up at the beginning of the of the um here you talked about his knowledge this comes directly from todd this court has ruled on what he needs to know and it's this passage when the statute require what the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in a commercial sex act so it's not even knowledge it's awareness of a plan in mr bondaka right away his awareness of the plan was he literally translated modus operandi the way it works is i pick up uh you have cases uh this is discussed in todd it's discussed in hornbuckle it's in in other cases where there are there are middlemen there are people transporting the minor and the defense has been that they didn't necessarily know what was going to happen on the on the back end but there's only there there are no middlemen here that is correct uh and i think the only fair conclusion that can be drawn consistent with the jury's verdict is that he was the trafficker he was going to be all things the trafficker the recruiter the purchase person who took the money the person who dropped her off um and his own knowledge his awareness of that plan his ability to articulate it to her is sufficient on the future looking will be caused element but with regard to to your honor's question the advertising is itself indicative of the plan because it is not contrary to what my friend argues it is not for his own sex it's to advertise her the reason he asked for medical conditions is because if you have an epileptic child or something some child is going to require uh you know medical care upon this sex act happening you will go on to a different child you don't want that child what the child says is she's lactose intolerant that's not hot that's not sexy that's not about his sex with her that's about her as a product he's advertising her so when he says to her the way it works is i'm going to traffic you and then he says to get started with the advertising send me these photos i breast size the things that a customer is going to want to know race languages etc um when he does that he is effectuating the second part of the knowledge of his plan i've got to get customers then there's the plane ticket upon the government's is that this crime was complete not just attempted but completed upon the advertising when he said because indicative of a sexual sorry a commercial sex act rather than a personal sex act so those disturbing messages that had to do with um the photos and the photos and the information and whatnot uh they did happen at the front end of this timeline i think i don't know the right time to say is it within the first couple of days yes or the first two days i think okay so after that time opposing counsel argues there really really wasn't anything that wasn't consistent with him having or pursuing his own sexual relationship with her is that correct it's a fair characterization of the messages that the threat the specific trafficking communications that is those related to will be caused and commercial sex are that initial the way it works and that's the whole passage i mean there's a your point is that too i mean the two things are not inconsistent he can both want to satisfy his own uh uh terrible desires and also traffic her as well and to satisfy both plans so to speak he has to get there and that's what he did that's exactly what the government which is why we've been asking about he if he had a plan at the outset and there's nothing that shows that plan went away that is that's a fair reading of the record your honor and i think that's that's the only reading that's consistent with the jury's conclusion there there's no evidence anywhere in the record of what we would consider withdrawal in a conspiracy context or oh my gosh we talked about trafficking but i'm not going to let some other person have sex with you i want you all to myself that i think would be helpful to the defense but that doesn't exist that's not in this case he established trafficking early the awareness of the mo he said get me what i need to make you a product and then he bought a ticket and those are did the jury hear anything uh in the record about him trafficking anyone else or or responding to anyone else on this particular website to arrange um something like this i don't believe so your honor i think um i think the defense's attempt to um distinguish this case from the sort of traditional pimping cases where a pimp has multiple victims um or has prior convictions for trafficking i think that's a fair distinction to draw mr mcduck i had no criminal history whatsoever no prior convictions for this and in terms of the evidence induced at trial i do not believe there was evidence of him engaging with other victims in this way i have i wasn't very clear what i was asking is whether the defense introduced any evidence that he hadn't done that that this is the first time he ever went out there which would have been arguably consistent with pursuing a relationship your honor my recollection of the record i may be i don't think so i don't think the defense put that in although i defer i've interrupted no worries i just wanted to clarify something because i think he's talked about advertising my understanding is that he never or at least there is no evidence that he in fact advertised the victim that but i think there's arguably that he took steps towards advertising her by soliciting the photos and she in fact sent them right so what did which and the purpose was for advertising so i just want to make sure i'm clear on the record there yes your honor exactly right he did not post online i have a 12 year old who is lactose intolerant he said send me photos so i can advertise you she sent them yes and i would submit to your honor under todd he didn't even have to go that far what he had to have was an awareness that this is how it's done but you don't need to rest on that because the record he had to have an awareness that this is what was going to be done not that this is how it's done pardon me your honor yes that it would be and and i think the defense is correct that can be shown through other acts of pimping other acts prior convictions contemporaneous other victims right that is todd but also it can be shown through this conduct as the jury found and i think and we don't have to reach the distinction between knowledge and awareness because here the evidence is clear that at least in the early conversations he knew exactly how to go about doing this he how to obtain customers how to show the customers what they wanted etc etc and it's all expressed that that is correct your honor and then under haas the fourth circuit case which explicitly says words alone are enough those words right the the plan that he laid out plus the advertising plus the plane ticket surely gets to beyond a substantial step um when read in when the evidence is read in the light most favorable to the verdict um so i i'm not sure what else to say about this case besides that the the jury's verdict that he took a substantial step in furtherance of this trafficking was articulated by his own messages his own words his own deeds the ad the request for advertising materials and the plane ticket those words and deeds are how you can tell someone's intent that's how you can tell someone's knowledge about what will be caused to be done and then i just also would um note with regard to the timing um my friend makes issue of the timing that he was that the conversations about trafficking and the advertising was on january 6th the defendant bought the ticket on the 12th or 13th and then he was arrested on the 21st or 22nd all of january of 21 he true he could not have traveled until march on that plane ticket but um the to be very clear there is no evidence anywhere that he ever did anything to stop the trafficking plan that he initiated at the beginning that evidence is clear from the evidence um that the jury heard on that point um so unless the court has further questions um i'll happy to send in the briefing no judge sun no i don't think there are further questions for the government thank you counsel madam quick could you put two minutes on the clock for opposing counsel please we took up quite a bit of his time for the questions with very good questions that i hope i adequately answered um your honors thank you for the briefings i'll mention judge sung i noted the record correctly on this there was no evidence of actual advertising in this case and there was no evidence of him actually trafficking other victims um your honor you asked did the defense put in evidence to show that i think the defense does through the cross examination of the government witnesses where they say you have his phone all of his devices you did a thorough examination and there's no other evidence he ever communicated with any other minors to this effect beyond that i don't know what the defense could do to show that record they cross-examine the government witnesses to that effect and that is in the trial record that there was no other evidence on his phone of any communications with anyone else on your substantial step argument you're arguing that the plane ticket would not constitute a substantial step because it would only be to the his own relationship with the victim but there's uh my question then is why isn't the solicitation of the photos a substantial step i think to the extent you're asking me could it be a substantial step because obviously if the buying of the plane ticket was not was the solicitation and in fact receipt of the photos and videos enough i don't think it is just given the facts of this case where during those same initial conversations he is both talking about trafficking her and having sex with her and then becomes clear through the subsequent communications that his focus is on the sex with her and it stands to reason that asking for the photos and videos could depending on the facts of the case have been a substantial step for trafficking but here it was a substantial step for the enticement and production offenses because he wanted those videos and photos for himself had he wanted them to advertise we would have seen the reason why he wants the photos is so that he can advertise her so even if i even if i agreed with you that they might not it's a difficult standard correct your honor um and your honors briefly i don't think we need extensive argument on this but with respect to sentencing i think if the court vacates on count one remand for resentencing would be appropriate even if the court does not our briefing alleges why the sentence was unreasonable and why the court should remand even if it affirms the conviction on count one so unless the court has any further questions i don't believe we do but we want to thank both of you for your advocacy we'll take this matter under advisement thank you your honors
judges: CHRISTEN, SUNG, Rakoff